The Marlen Realty Company v. Commissioner.
Marlen Realty Co. v. Commissioner
Docket No. 1300.
United States Tax Court
1944 Tax Ct. Memo LEXIS 53; 3 T.C.M. (CCH) 1178; T.C.M. (RIA) 44358; November 3, 1944
*53 Harry H. Gustafson, Esq., for the petitioner. Edward C. Adams, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: This proceeding involves a deficiency in income tax of $3,203.73 for the taxable year 1939. The question presented is whether petitioner, a corporation, realized taxable gain by a distribution in kind to its stockholders of securities of another corporation which had appreciated in value. The facts are found as stipulated; the stipulation is incorporated herein by reference, and such facts as are necessary for an understanding of the issue as hereinafter set forth. Petitioner filed its return for the taxable year with the collector for the district of Minnesota. Findings of Fact The petitioner was incorporated under Minnesota law on August 24, 1925. On that date, B. F. Nelson transferred to petitioner two farms with the personal property thereon, and 1,129 shares of the common stock of Powell River Company, Limited, of Vancouver, British Columbia, in exchange for 100 percent of petitioner's capital stock. On September 1, 1926, the Powell River Company, Limited, hereinafter referred to as Powell, paid a dividend in its own 7 percent *54 preferred stock of a par value of $100 per share at the rate of one and one-half shares of preferred stock for each share of common stock. On that date, petitioner received 1,693 shares of said preferred stock of Powell. On June 1, 1937, Powell called in 968 shares of said preferred stock, which left petitioner with a balance of 725 shares. At a meeting of petitioner's directors on June 6, 1939, the following resolution was passed: "BE IT RESOLVED: That a distribution of Six Hundred (600) shares of the preferred stock of Powell River Company, Limited, now owned by the Marlen Realty Company, be made forthwith to the stockholders of record, as of this date, of the Marlen Realty Company, and that the said shares of the preferred stock of Powell River Company, Limited, be distributed, pro rata, to the stockholders of the Marlen Realty Company, according to their respective holdings of shares; and "BE IT FURTHER RESOLVED: That the Treasurer of the Marlen Realty Company be, and hereby is, authorized and directed to spread upon the books of account of the Company the proportion of said distribution property allocated to the Dividend account as dividends upon the total net earnings *55 of the Company for the current year and proportion of said distribution properly allocable to the Capital account as return of capital to the stockholder; * * *." Pursuant to this resolution, the 600 shares of Powell's preferred stock was distributed by petitioner to its stockholders in the taxable year. On the date of distribution, there was an increment in value over cost or other basis to the petitioner in the amount of $24,481.35. There were no other distributions made by petitioner to its stockholders during the taxable year. After the transfer of the 600 shares of Powell preferred stock, as above set forth, petitioner still retained 125 shares of said stock. These 125 shares were called in by Powell on September 1, 1939, and petitioner received $12,750 for such shares. Petitioner's adjusted basis for the 125 shares was $6,501.99. In its Federal income tax return for the taxable year, petitioner reported a profit of $8,054.13 in the disposition as aforesaid of the 125 shares of Powell preferred stock. In its return, petitioner reported no income from the distribution to its stockholders of the 600 shares of Powell preferred stock. In the notice of deficiency, respondent determined *56 that petitioner derived a taxable profit of $24,481.35 in the taxable year with respect to the said transaction, computed as follows: Adjustments to Net Income
Net income as disclosed by return
$ 1,488.47
Unallowable deductions and additional
income: (a) Gain on Powell River Co., Ltd.,
preferred stock
22,675.23
Adjusted Net Income
$24,123.70
Explanation of Adjustment (a) This represents additional taxable gain realized on Powell River Company, Limited, preferred stock and includes gain on 600 shares of same distributed to stockholders as shown below: Amount received for 125 shares as re-
ported
$12,750.00
Value of 600 shares distributed
55,690.89
$68,440.89
Cost basis of 725 shares at $52.0159
37,711.53
Total Gain realized
$30,729.36
Gain on stock reported in your return
8,054.13
Adjustment
$22,675.23
Petitioner had no accumulated earnings or profits available for dividend distribution on December 21, 1938. Petitioner sustained an operating loss in 1939 in the amount of $357.65. Opinion The principle is well established that a distribution in kind of appreciated property does not result in taxable income or gain to the distributing corporation. *57 ; . If, however, a corporation declares a dividend in a certain amount and later discharges its pecuniary obligations by a distribution of property, it realizes gain or loss upon the disposition of the property. ; . The issue therefore turns upon the nature of the resolution authorizing the distribution. An examination of that resolution discloses a declaration of a dividend in kind as distinguished from a declaration of a dividend in a fixed amount to be paid by a distribution of property. Respondent does not deny this. He contends, however, that the General Utilities case, supra, is unsound and inconsistent with recent decisions. We have carefully examined the cases cited by him, but find none which support his contention. They involve the disposition of appreciated property in satisfaction of pecuniary obligations and they correctly follow *58 the rule applied in , and in In the General Utilities case, supra, the taxpayer declared a dividend payable in stock of another corporation, the Islands Edison Co., which had appreciated in value from the time of acquisition by the taxpayer. The dividend resolution imposed only an obligation to distribute in kind. Thesupreme Court in deciding in favor of the taxpayer said, "Both tribunals below rightly decided that petitioner derived no taxable gain from the distribution among its stockholders of the Islands Edison shares as a dividend." This decision represents the applicable law and in the absence of any intent on the part of the Supreme Court to hold otherwise, it must be followed. See also (on appeal to C.C.A. 2nd); , affirmed . It is therefore held that petitioner realized no taxable income by reason of the distribution in kind of the appreciated Powell *59 preferred stock. Accordingly, Decision will be entered of no deficiencies.